# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DIAZ,<br><br>            Plaintiff,<br><br>      v.<br><br>C/O VIGIL,<br><br>            Defendant.<br>_____/ | CASE NO. CV-F-03-5108 OWW LJO P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE DENIED, WITHOUT PREJUDICE<br><br>(Doc. 47) |

Plaintiff Jose Diaz ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed May 12, 2003, against defendant Vigil ("defendant") for violating the Eighth Amendment by acting with deliberate indifference to plaintiff's serious medical needs. On February 22, 2005, pursuant to Federal Rule of Civil Procedure 37(d), defendant filed a motion seeking dismissal of this action based on plaintiff's failure to appear at his deposition. After the court issued an order requiring plaintiff to file a response to the motion, plaintiff filed an opposition on June 10, 2005.

Defendant contends that on January 25, 2005, he served plaintiff with a notice of deposition to be taken on February 11, 2005, in Sacramento, California. Defendant contends that plaintiff did not appear at the deposition and did not contact him either before or since the date of the deposition. Defendant seeks dismissal of this action as a sanction for failing to appear at the deposition.

Although plaintiff opposed defendant's motion, his response does not address his failure to appear at his deposition. In addition, plaintiff appears to be contending that defendant did not

1

respond to plaintiff's discovery requests. With respect to plaintiff's outstanding discovery requests, plaintiff has not filed a motion to compel. Therefore, the issue of whether or not defendant failed to respond to plaintiff's discovery requests is not properly before the court.

Defendant contends that he properly noticed plaintiff's deposition, and plaintiff failed to appear or seek relief from having to appear. Plaintiff's failure to appear at his deposition is potentially grounds for dismissal of this action. Although plaintiff is residing in Mexico and may be unable to enter the United States, plaintiff filed this action and is responsible for prosecuting it. Defendant is entitled to depose plaintiff, and plaintiff may not simply ignore a notice of deposition.

However, "[w]here the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993); Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Henry, 983 F.2d at 948 (quoting Fjelstad, 762 F.2d at 1341.) To determine whether to impose a severe sanction of dismissal or default, a court considers:

1. The public's interest in expeditious resolution of litigation;
2. The court's need to manage its docket;
3. The risk of prejudice to the party seeking sanctions;
4. The public policy favoring disposition of cases on their merits; and
5. The availability of less drastic sanctions.

Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998); In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996); Henry, 983 F.2d at 948; United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988); Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986). "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" Valley Engineers, 158 F.3d at 1057 (quoting Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)).

1    The court finds that on the sparse record before it, it cannot at this juncture assess the drastic
2 sanction of dismissal.  Although plaintiff was directed to respond to defendant's motion, it appears
3 from plaintiff's response that plaintiff does not fully comprehend the issue before the court. Plaintiff
4 is a former state prisoner proceeding pro and is attempting to prosecute this action from Mexico.
5 Further, English is plaintiff's second language, and plaintiff has asserted that he does not read, write,
6 or comprehend English very well.  Given the severity of the sanction of dismissal and the
7 undeveloped record, the court shall recommend that defendant's motion be denied, without
8 prejudice. However, the court will, by separate order, require plaintiff to show cause why he should
9 not be sanctioned for failing to appear at his deposition. After plaintiff files a response, defendant
10 shall file a reply. The court will then determine which sanctions, if any, should be imposed against
11 plaintiff.

12    Accordingly, it is HEREBY RECOMMENDED that defendant's motion to dismiss as a
13 sanction, filed pursuant to Federal Rule of Civil Procedure 37(d), be DENIED, without prejudice.

14    These Findings and Recommendations will be submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
16 **days** after being served with these Findings and Recommendations, the parties may file written
17 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
18 Findings and Recommendations." The parties are advised that failure to file objections within the
19 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
20 1153 (9th Cir. 1991).

22 IT IS SO ORDERED.

23 **Dated:    June 29, 2005**            /s/ Lawrence J. O'Neill
   b9ed48                           UNITED STATES MAGISTRATE JUDGE

3