# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DIAZ,<br><br>        Plaintiff,<br><br>    v.<br><br>C/O VIGIL,<br><br>        Defendant.<br>_____/ | CASE NO. 1:03-CV-5108-OWW-LJO-P<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc. 57)<br><br>ORDER DIRECTING DEFENDANT TO RE-NOTICE DEPOSITION, AND EXTENDING DISCOVERY AND MOTION DEADLINES TO ACCOMMODATE PLAINTIFF'S DEPOSITION<br><br>Discovery Deadline: 05/26/06<br>Dispositive Motion Deadline: 07/26/06 |

Plaintiff Jose Diaz ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 30, 2005, plaintiff was ordered to show cause, in writing, why sanctions should not be imposed against him for failing to appear at his deposition on February 11, 2005. Plaintiff responded to the order on August 16, 2005, and defendant Vigil ("defendant") filed a reply on September 13, 2005.

The only relevant justification set forth by plaintiff is that he did not receive the notice. As previously stated by the Court, defendant's alleged failure to respond to plaintiff's discovery requests does not allow plaintiff to elect to skip his deposition, and no such discovery dispute has been raised with the Court. Thus, that issue, as set forth by plaintiff in his response, is irrelevant to the resolution of plaintiff's failure to appear at his deposition.

///

1  Defendant requests dismissal of this case as a sanction, and asserts that the notice was served on plaintiff at his address of record and was not returned by as undeliverable. However, "[w]here the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993); Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1985). "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." Henry, 983 F.2d at 948 (quoting Fjelstad, 762 F.2d at 1341).

Based on plaintiff's averment, under penalty of perjury, that he did not receive the deposition notice, the Court cannot make the requisite finding of willfulness, fault, or bad faith on the record before it. Defendant shall re-notice plaintiff's deposition and provide reasonable notice, taking into account plaintiff's residence in Mexico. Plaintiff is admonished that although he is residing in Mexico and may be unable to enter the United States, he filed this action and is responsible for prosecuting it. Defendant has the right to take plaintiff's deposition in this action, and Plaintiff is warned that if he fails to appear for his deposition, absent the filing of some other recognized response to the notice, this action will be dismissed. Fed. R. Civ. P. 37 (d). The Court will extend the discovery deadline to May 26, 2006, in order to accommodate plaintiff's deposition. The pre-trial dispositive motion deadline will be extended to July 26, 2006, which should give defendant sufficient time to take the appropriate course of action if plaintiff does not appear at his deposition, without defendant having to unnecessarily expend resources on drafting a motion for summary judgment.

Finally, English is plaintiff's second language, and plaintiff has asserted that he does not read, write, or comprehend English very well. Pursuant to defendant's request, plaintiff is required to notify defendant within thirty days from the date of service of this order whether or not he needs a Spanish-English interpreter. Plaintiff is warned that the failure to notify defendant whether or not he needs an interpreter within thirty days will result in dismissal of this action.

Accordingly, it is HEREBY ORDERED that:

1. The order to show cause, filed June 30, 2005, is DISCHARGED;

2

2. Defendant shall re-notice plaintiff's deposition;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall notify defendant's counsel whether or not plaintiff needs a Spanish-English interpreter;

4. The discovery deadline is extended to May 26, 2006, for the limited purpose of conducting plaintiff's deposition;

5. The pre-trial dispositive motion deadline is extended to July 26, 2006; and

6. <u>Plaintiff's failure to (1) notify defendant within thirty days whether he needs a Spanish-English interpreter or (2) appear at his deposition, or otherwise respond appropriately to the deposition notice, will result in dismissal of this action</u>.

IT IS SO ORDERED.

**Dated:   March 27, 2006**                    /s/ Lawrence J. O'Neill
b9ed48                                                UNITED STATES MAGISTRATE JUDGE