# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DIAZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>C/O VIGIL,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. 1:03-CV-05108-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDATION DEFENDANT'S MOTION TO DISMISS BE DENIED, WITHOUT PREJUDICE<br><br>(Doc. 63)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SERVE F&R ON PLAINTIFF BY CERTIFIED MAIL |

Plaintiff Jose Diaz ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed May 12, 2003, against defendant Vigil ("defendant") for violating the Eighth Amendment by acting with deliberate indifference to plaintiff's serious medical needs. (Doc. 15.)

On March 27, 2006, the court issued an order requiring plaintiff to notify defendant's counsel whether or not he needed a Spanish-English interpreter for his deposition within thirty days from the date of service of the order. (Doc. 62.) On May 1, 2006, defendant filed a motion to dismiss based on plaintiff's failure to obey the court's order, pursuant to Federal Rule of Civil Procedure 37(b). (Docs. 63, 64.) On May 22, 2006, plaintiff filed a notice stating that he needs an interpreter and on June 19, 2006, in compliance with the court's order of May 2, 2006, plaintiff filed a response to defendant's motion to dismiss. (Docs. 65, 67, 71.)

1

1    Defendant moves for dismissal of this action on the ground that plaintiff failed to notify him
2 within thirty days whether or not plaintiff needed an interpreter, as required by the court in its order
3 of March 27, 2006.  In his opposition, plaintiff contends that he received the court's order on April
4 20, 2006, and responded on May 17, 2006, within the thirty-day time period.
5    "Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-
6 compliance must be due to willfulness, fault or bad faith."  Henry v. Gill Industries, Inc., 983 F.2d
7 943, 946 (9th Cir. 1993); Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir.
8 1985).  "[D]isobedient conduct not shown to be outside the control of the litigant is all that is
9 required to demonstrate willfulness, bad faith, or fault."  Henry, 983 F.2d at 948 (quoting Fjelstad,
10 762 F.2d at 1341.)  To determine whether to impose a severe sanction of dismissal or default, a court
11 considers:
12    1.    The public's interest in expeditious resolution of litigation;
13    2.    The court's need to manage its docket;
14    3.    The risk of prejudice to the party seeking sanctions;
15    4.    The public policy favoring disposition of cases on their merits; and
16    5.    The availability of less drastic sanctions.
17 Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998); In re Exxon
18 Valdez, 102 F.3d 429, 433 (9th Cir. 1996); Henry, 983 F.2d at 948; United States v. Kahaluu Constr.
19 Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988); Thompson v. Housing Auth. of City of Los Angeles,
20 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986).  "What is most
21 critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is
22 whether the discovery violations 'threaten to interfere with the rightful decision of the case.'"  Valley
23 Engineers, 158 F.3d at 1057 (quoting Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412
24 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)).
25    Plaintiff has submitted evidence that the court's order, which was served by mail on March
26 27, 2006, was not received by him until April 20, 2006, more than three weeks after it was served
27 by mail.  (Doc. 69, p. 33.)  Pursuant to the court's order of March 27, 2006, plaintiff's response was
28 due within thirty days from the date of service by mail rather than thirty days from the date of receipt

2

of the order by plaintiff.[1] Thus, plaintiff's response was due on or before May 1, 2006.[2] Fed. R. Civ. P. 6(a), (e). Because plaintiff received the order on April 20, 2006, he had time to respond to the order by the May 1 deadline. However, due to plaintiff's misunderstanding concerning how to calculate the due date, he believed his response served on May 17, 2006 was timely.

Although plaintiff failed to timely obey the court's order by serving a response within thirty days, his failure to do so stemmed from his misunderstanding of how to calculate the thirty-day time period within which he was to respond. Additional complicating factors are plaintiff's difficulties comprehending English and lack of speedy mail delivery, an issue not usually encountered by the court. Although plaintiff's filings are received by the court within a few days, plaintiff has submitted evidence supporting his contention that he did not receive the order until more than three weeks later. Under these circumstances, the severe sanction of dismissal is not warranted. Plaintiff has not ceased to prosecute this action and there is no evidence in the record that plaintiff intentionally flouted the court's order. Rather, plaintiff's tardy response appears to be purely the result of his misunderstanding of the deadline and of delayed delivery of the court's order. In order to avoid any confusion in the future, the court will set deadlines by date rather than by time period.

Defendant has been attempting to depose plaintiff for more than a year. Defendant has a right to take plaintiff's deposition in this action and plaintiff may not evade being deposed. Therefore, in a separate order issued concurrently with this Findings and Recommendations, the court shall set plaintiff's deposition. Absent leave of court or a modification of the arrangement made with defendant's counsel, plaintiff is required to appear at his deposition and sanctions will be imposed if he fails to do so.

Accordingly, it is HEREBY RECOMMENDED that defendant's motion to dismiss as a sanction, filed pursuant to Federal Rule of Civil Procedure 37(b) on May 1, 2006, be DENIED,

///

---

[1] Thirty days from the date of service of the order means thirty days from the date the court placed the order in the mail (e.g., the date on the proof of service attached to the order).

[2] Despite plaintiff's assertion to the contrary, when the time period is more than ten days, weekends and holidays are included in the count. Fed. R. Civ. P. 6(a). If the due date falls on a weekend or holiday, the next business day becomes the due date. Id.

3

1 without prejudice. The Clerk's Office is HEREBY DIRECTED to serve this Findings and
2 Recommendations on plaintiff by certified mail.
3     These Findings and Recommendations will be submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). The parties may file
5 written objections to the Findings and Recommendations with the court. Objections, if any, are due
6 on or before **August 11, 2006**. The document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations." The parties are advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
9 1153 (9th Cir. 1991).

11 IT IS SO ORDERED.

12 **Dated:   July 7, 2006**                              /s/ Lawrence J. O'Neill
    b9ed48                                                  UNITED STATES MAGISTRATE JUDGE