# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DIAZ,<br><br>              Plaintiff,<br><br>   v.<br><br>C/O VIGIL,<br><br>              Defendant.<br>_____/ | CASE NO. 1:03-CV-05108-OWW-LJO-P<br><br>ORDER DISREGARDING OBJECTION TO ORDER AND SELF-TITLED "DEPOSITIONS TO RESPONDENT"<br><br>(Docs. 68 and 70)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SERVE ORDER ON PLAINTIFF BY CERTIFIED MAIL |

Plaintiff Jose Diaz ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed May 12, 2003, against defendant Vigil ("defendant") for violating the Eighth Amendment by acting with deliberate indifference to plaintiff's serious medical needs. (Doc. 15.)

On June 30, 2005, the court ordered plaintiff to show cause why sanctions should not be imposed against him for failing to appear at his deposition. (Doc. 57.) On March 27, 2006, the court discharged the order to show cause and did not impose sanctions on plaintiff. (Doc. 62.) On May 22, 2006, plaintiff filed an objection to the court's order issued on March 27, 2006, and a filing entitled "Depositions to Respondent."

It appears that plaintiff filed an objection to the order of March 27, 2006, to set forth his disagreement with the court's finding that the only relevant justification tendered by plaintiff in his response to the court's order to show cause was that he did not receive the deposition notice.

1

Plaintiff has not sought relief from the order nor would it be logical for him to do so, as the order to show cause was discharged and he was not sanctioned. A filing in which a party disagrees with findings in an order but seeks no relief from the order is not a proper filing. Plaintiff's objection shall be disregarded.

At the end of the objection, plaintiff appears to be requesting a response to previously served discovery requests. This inclusion is misplaced given that plaintiff's filing is largely an objection to a previous order. Further, as set forth in a separate order issued concurrently with this order, discovery closed on March 1, 2005, except for the issue of plaintiff's deposition.

With respect to plaintiff's self-titled "Depositions to Respondent," plaintiff appears to be responding to defendant's request for production of documents at plaintiff's deposition by stating that plaintiff "presents all relevants [sic] that respondent requested." (Doc. 70, p. 8.) The filing is not a motion, a response to a motion, or a response to a court order. The court can discern no basis for the submission of this filing and it shall be disregarded. To the extent that plaintiff seeks to communicate with defendant regarding his deposition or other discovery, plaintiff should communicate directly with defendant's counsel without court involvement.

Based on the foregoing, plaintiff's objection and "Depositions to Respondent," both filed May 22, 2006, are HEREBY DISREGARDED. The Clerk's Office shall serve this order on plaintiff by certified mail.

IT IS SO ORDERED.

**Dated:   July 7, 2006**            /s/ Lawrence J. O'Neill
b9ed48                  UNITED STATES MAGISTRATE JUDGE