# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DIAZ, | CASE NO. 1:03-cv-05108-OWW-LJO PC |
|           Plaintiff, | ORDER ADDRESSING OBJECTION AND GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE |
|   v. | |
| C/O VIGIL, | (Docs. 77 and 81) |
|           Defendant. | |
|                                          / | ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT FOR DEFENDANT AND AGAINST PLAINTIFF |

Plaintiff Jose Diaz ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed May 12, 2003, against defendant Vigil ("defendant") for violating the Eighth Amendment by acting with deliberate indifference to plaintiff's serious medical needs. On September 25, 2006, pursuant to Federal Rule of Civil Procedure 37(d), defendant filed his second motion seeking dismissal of this action based on plaintiff's failure to appear at his deposition. (Docs. 81-83.) Plaintiff did not file an opposition. Local Rule 78-230(m).

On February 22, 2005, defendant filed his first motion to dismiss after plaintiff failed to appear at his deposition noticed for February 11, 2005. (Docs. 47, 48.) Plaintiff filed an opposition on June 10, 2005, and the undersigned recommended the motion to dismiss be denied on June 30, 2005. (Docs. 55, 56.) In the Findings and Recommendations, the undersigned noted the following:

> Defendant contends that on January 25, 2005, he served plaintiff with a notice of deposition to be taken on February 11, 2005, in Sacramento, California. Defendant

1

> contends that plaintiff did not appear at the deposition and did not contact him either before or since the date of the deposition. Defendant seeks dismissal of this action as a sanction for failing to appear at the deposition.
>
> Although plaintiff opposed defendant's motion, his response does not address his failure to appear at his deposition. In addition, plaintiff appears to be contending that defendant did not respond to plaintiff's discovery requests. With respect to plaintiff's outstanding discovery requests, plaintiff has not filed a motion to compel. Therefore, the issue of whether or not defendant failed to respond to plaintiff's discovery requests is not properly before the court.
>
> Defendant contends that he properly noticed plaintiff's deposition, and plaintiff failed to appear or seek relief from having to appear. Plaintiff's failure to appear at his deposition is potentially grounds for dismissal of this action. Although plaintiff is residing in Mexico and may be unable to enter the United States, plaintiff filed this action and is responsible for prosecuting it. Defendant is entitled to depose plaintiff, and plaintiff may not simply ignore a notice of deposition.

(Doc. 56, 1:23-2:8.)

Subsequently, on July 7, 2006, the undersigned noticed plaintiff's deposition for September 25, 2006, at 9:00 a.m. (Doc. 74.) On August 15, 2006, plaintiff filed an objection to the deposition and on September 25, 2006, defendant filed the motion to dismiss after plaintiff failed to appear. (Docs. 77, 81-83.)

In his objection, plaintiff offers no coherent argument regarding his noticed deposition. Plaintiff was apparently deported. (Doc. 77, pgs. 11-12.) However, even construing plaintiff's objection with extreme liberality and crafting for plaintiff's argument for him that he cannot attend his deposition in Sacramento because he was deported, plaintiff's objection offers no grounds for relief from the order. Plaintiff filed this action and is responsible for prosecuting it. Defendant has a right to depose plaintiff and plaintiff has taken no steps to facilitate his deposition or to offer any alternatives to a deposition in Sacramento. Indeed, plaintiff's objection is devoid of any evidence that plaintiff understands and agrees defendant has a right to depose him or that plaintiff is willing work with defendant's counsel to make arrangements for the deposition. For these reasons, plaintiff's objection presents no grounds to vacate or modify the Court's order of July 7, 2006.

Turning to defendant's motion, defendant seeks dismissal of this action, with prejudice, as a sanction against plaintiff for failing to appear at his deposition in compliance with the Court's order of July 7, 2006. Federal Rule of Civil Procedure Rule 37(d) authorizes the Court to dismiss this action as a sanction against plaintiff for failing to appear at his deposition. "Where the drastic

sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993); Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Henry, 983 F.2d at 948 (quoting Fjelstad, 762 F.2d at 1341.)  To determine whether to impose a severe sanction of dismissal or default, a court considers:

1. The public's interest in expeditious resolution of litigation;
2. The court's need to manage its docket;
3. The risk of prejudice to the party seeking sanctions;
4. The public policy favoring disposition of cases on their merits; and
5. The availability of less drastic sanctions.

Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998); In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996); Henry, 983 F.2d at 948; United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988); Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986).  "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" Valley Engineers, 158 F.3d at 1057 (quoting Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)).

In this instance, after plaintiff failed to appear for his deposition on February 11, 2005, and given the delays caused by sending mail to Mexico, the Court stepped in and itself noticed plaintiff's deposition, served by certified mail, to ensure that notice was received by plaintiff, that the deposition notice was reasonable given plaintiff's residence in Mexico, and that there would be no room for misunderstanding on plaintiff's part.  Plaintiff was warned more than once that defendant has a right to depose him and that his failure to appear at his deposition could result in dismissal of this action. (Docs. 62, 74.)

Although plaintiff filed an objection to the order, as previously discussed, plaintiff's objection set forth no grounds justifying vacating or modifying the Court's order.  This action has

been pending since 2003, and plaintiff's failure to make himself available for deposition has caused unnecessary delays in this action and has deprived defendant of his right to depose plaintiff. Indeed, defendant has tried to secure plaintiff's deposition since early 2005, when he first noticed the deposition for February 11, 2005, prior to the discovery cut-off of March 1, 2005. There has been ample opportunity for plaintiff to contact defendant's counsel regarding accommodations to allow defendant to depose plaintiff, and plaintiff has had ample opportunity to make it clear on the record that he is willing to be deposed and is interested in making arrangements to cooperate for a deposition. No such expression of agreeableness has been forthcoming, however.

Plaintiff's failure to avail himself to deposition is extremely prejudicial to defendant, as it deprives defendant of his opportunity to conduct meaningful discovery in this case. To allow this action to continue would be to allow plaintiff to continue to prosecute his case despite depriving defendant of rightful discovery. Given that plaintiff is proceeding in forma pauperis and is living in Mexico, no sanction short of dismissal is appropriate given that plaintiff's failure to avail himself to deposition jeopardizes "the orderly administration of justice." Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (quoting Wyle v. R. J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983)). Faced with the opportunity to acknowledge the importance of cooperating for a deposition and express willingness to make arrangements to allow for his deposition, plaintiff's responses lack "any sign of repentance or any indication that this pattern of behavior would cease if the case were allowed to proceed." Sun World, Inc. v. Lizarazu Olivarria, 144 F.R.D. 384, 391 (E.D.Cal. 1992). The Court once again acknowledges that English is not plaintiff's native language. However, plaintiff filed this action, hailed defendant into court, and must follow the applicable rules, which provide defendant with the right to depose plaintiff.

Because plaintiff failed to appear at his deposition noticed for September 25, 2006, and because plaintiff has expressed no willingness to make arrangements to be deposed, it is HEREBY ORDERED that defendant's motion to dismiss as a sanction, filed pursuant to Federal Rule of Civil

///
///
///

4

1  Procedure 37(d) on September 25, 2006, is GRANTED and this action is DISMISSED, with
2  prejudice. The Clerk of the Court SHALL enter judgment for defendant and against plaintiff.

4  IT IS SO ORDERED.

5  **Dated:**   **February 6, 2007**                      /s/ Lawrence J. O'Neill
   b9ed48                                             UNITED STATES DISTRICT JUDGE