# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DIAZ,<br><br>           Plaintiff,<br><br>   v.<br><br>C/O VIGIL,<br><br>           Defendant.<br>_____/ | CASE NO. 1:03-cv-05108-OWW-NEW (DLB) PC<br><br>ORDER ADDRESSING OPPOSITIONS AND DENYING THEM WITH PREJUDICE TO THE EXTENT THEY ARE CONSTRUED AS MOTIONS FOR RECONSIDERATION<br><br>(Docs. 89, 90, and 91)<br><br>ORDER THAT ANY FURTHER FILINGS WHICH ARE NOT PROPER POST-JUDGMENT MOTIONS WILL BE STRICKEN FROM THE RECORD |

      Plaintiff Jose Diaz ("plaintiff") is a former state prisoner who was proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was dismissed on February 6, 2007. (Doc. 87.) On March 23, 2007, plaintiff filed three oppositions to the Court's orders issued on February 6, 2007. (Docs. 85-87, 89-91.) An "opposition" to the Court's final orders is not a recognized response.

      To the extent that the oppositions are construed to be motions for reconsideration, they are without merit. Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

1    Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin</u>
2 <u>Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983)
3 (<u>en banc</u>). To succeed, a party must set forth facts or law of a strongly convincing nature to induce
4 the Court to reverse its prior decision. <u>See</u> e.g., <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634
5 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th
6 Cir. 1987), <u>cert. denied</u>, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit
7 has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding
8 clauses.'" <u>LaFarge Conseils et Etudes, S.A. v. Kaiser Cement</u>, 791 F.2d 1334, 1338 (9th Cir. 1986)
9 (quoting <u>Corex Corp. v. United States</u>, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is
10 reserved for 'extraordinary circumstances.'" <u>Id</u>. When filing a motion for reconsideration, Local
11 Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist
12 which did not exist or were not shown upon such prior motion, or what other grounds exist for the
13 motion."

14    Plaintiff's oppositions are devoid of any ground entitling plaintiff to reconsideration of the
15 Court's orders and are denied with prejudice. This action has been dismissed and no further filings
16 by plaintiff will be entertained unless they are proper post-judgment motions. Any further filings
17 by plaintiff that do not constitute proper post-judgment motions will be ordered stricken from the
18 record.

19    Based on the foregoing, it is HEREBY ORDERED that:

20    1.    Plaintiff's oppositions, to the extent they are construed to be motions for
21          reconsideration, are DENIED, WITH PREJUDICE; and
22    2.    Any further filings by plaintiff that do not constitute proper post-judgment motions
23          will be ordered stricken from the record.

24 IT IS SO ORDERED.

25 **Dated:    March 28, 2007**              /s/ Oliver W. Wanger
   emm0d6                                     UNITED STATES DISTRICT JUDGE
26

27

28